NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0161n.06

No. 16-2146

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 14, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| AMMINA SCOTT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| BANK OF AMERICA, N.A., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; SUTTON and KETHLEDGE, Circuit Judges.

PER CURIAM. Ammina Scott appeals the district court's judgment dismissing her complaint against Bank of America, N.A. As set forth below, we affirm.

Scott made the following allegations in her complaint against Bank of America: In 2008, Scott obtained a $143,721 loan secured by a mortgage on her home located at 5488 South Roosevelt Road, Stevensville, Michigan. Bank of America began servicing the loan in 2009. That year, Scott experienced a reduction in her work hours and contacted Bank of America about her increasing difficulty in making her mortgage payments. Bank of America sent Scott correspondence requesting certain documents to determine her eligibility for payment assistance. Scott sent the requested documents, but Bank of America repeatedly sent her letters asserting that it had not received the requested documents or that her application was incomplete. In October 2011, Bank of America's agent Tom Cappello told Scott that "she should stop making the payments because when her loan was modified the past due payments would be capitalized

and 'put on the back end of the loan.'" In reliance on Cappello's statement, Scott stopped making payments in May 2012. Through March 2014, Bank of America continued to assure Scott that her request for a loan modification was being reviewed. Scott subsequently learned that Bank of America had denied her request.

Scott asserted two claims against Bank of America: (1) fraud and (2) failure to comply with the mortgage loan modification procedures under Michigan Compiled Laws §§ 600.3205b and 600.3205c. Bank of America moved to dismiss Scott's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted Bank of America's motion. Scott then filed a motion to alter or amend judgment and for leave to file an amended complaint. The district court denied Scott's motion, concluding that her proposed amendment would be futile. This timely appeal followed.

We review de novo the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under Michigan law, a fraud claim has six elements: (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that the representation was false or made the representation recklessly, without any knowledge of its truth, and as a positive assertion; (4) the defendant made the representation with the intention that it should be acted on by the plaintiff; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff suffered injury due to her reliance on the representation. *Hord v. Envtl. Research Inst. of Mich.*, 617 N.W.2d 543, 546 (Mich. 2000); *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976). Generally, a fraud

claim "must be predicated upon a statement relating to a past or an existing fact" because "[f]uture promises are contractual and do not constitute fraud." *Hi-Way Motor Co*., 247 N.W.2d at 816. Michigan law recognizes an exception to that general rule when the future promise was "made in bad faith without intention of performance." *Id*.

Scott based her fraud claim on statements in letters from Bank of America in connection with her request for a loan modification. Scott alleged that Bank of America falsely stated that "[w]e want to help you stay in your home" and that "[w]e want to help you make your mortgage payment more affordable," with no intention of modifying her loan. These statements cannot be construed as a promise of future performance. These statements are in the nature of puffing—that is, promoting the payment assistance program—and therefore are not actionable. *See Van Tassel v. McDonald Corp.*, 407 N.W.2d 6, 8 (Mich. Ct. App. 1987). Scott also alleged that Bank of America falsely stated that she failed to supply information and that her application was in the process of review. While these statements relate to existing facts, Scott failed to allege reliance on these statements giving rise to injury. The district court properly held that Scott failed to state a fraud claim based on the statements in Bank of America's letters.

In further support of her fraud claim, Scott alleged that Bank of America's agent told her to "stop making the payments because when her loan was modified the past due payments would be capitalized and 'put on the back end of the loan'" and that she stopped making payments in reliance on this statement. Under Michigan's statute of frauds, an action may not be brought against a financial institution to enforce a promise or commitment "to modify . . . or permit a delay in repayment or performance of a loan" or "to waive a provision of a loan," unless it "is in writing and signed with an authorized signature by the financial institution." Mich. Comp. Laws § 566.132(2)(b)-(c). The Michigan Court of Appeals has stated that this language is "unambiguous" and should be read "as an unqualified and broad ban," precluding any claim, "no

matter its label," against a financial institution to enforce the terms of an oral promise to modify or waive a loan provision. *Crown Tech. Park v. D & N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). The district court properly held that Michigan's statute of frauds barred any claim that Bank of America orally promised to modify Scott's loan.

Scott does not challenge the district court's dismissal of her statutory claim, abandoning that claim. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005). Scott also fails to provide any developed argument regarding the denial of her motion to alter or amend judgment and for leave to file an amended complaint; her appellate briefs do not even refer to the new allegations asserted in her proposed amended complaint. Scott has therefore forfeited review of the district court's denial of her motion. *See Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007).

For these reasons, we **AFFIRM** the district court's judgment dismissing Scott's complaint.